# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | P. Michael Mahoney | Sitting Judge if Other than Assigned Judge | Philip G. Reinhard |
|---|---|---|---|
| CASE NUMBER | 01 C 50168 | DATE | 3/11/2002 |
| CASE TITLE | MACRI vs. YAMAUCHI, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated on the attached Memorandum and Opinion, Plaintiff's motion for default for failure to appear and plea is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 12 2002 | |
| | Notified counsel by telephone. | | date docketed | 37 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2002 MAR 11 PM 4:29 | 3/11/2002 | |
| | | | date mailed notice | |
| tml | courtroom deputy's initials | Date/time received in central Clerk's Office | gg mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| GEORGE R. MACRI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 01 C 50168 |
| | ) | |
| v. | ) | Philip G. Reinhard |
| | ) | P. Michael Mahoney |
| EMI YAMAUCHI[1], Consul general of the, | ) | |
| United States in Ho Chi Minh City, Vietnam, | ) | |
| et. al., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On May 30, 2001, Plaintiff filed a complaint against Charles Ray, Consul General, Jane Tannenbaum, Consular Section Chief, in their official capacities and as individuals, and the United States Department of State. (Complaint at 1, filed 5/30/2001). Plaintiff alleges fraud, waste, abuse and mismanagement involving delays in processing a fiancee visa and seeks damages of $3,000,000.00 representing financial losses and emotional and physical distress. Plaintiff also seeks injunctive relief in the form of the immediate processing and issuance of the INS approved visa. (Complaint at 1 and 6, filed 5/30/2001). On December 18, 2001, Plaintiff's first motion for default for failure to appear and plea was denied. (Minute Order, filed 12/18/2001). At that time, it was determined that Plaintiff had failed to comply with the requirement of Federal Rule of Civil Procedure 4. This court found that Plaintiff failed to demonstrate that he had satisfied the requirements of Rule 4(i)(1)(B) by sending a copy of the summons and complaint to the Attorney General of the United States, as is required of those filing suit against the United States, its agencies,

---

[1]Defendant points out that Emi Yamauchi has succeeded Charles Ray as Consul General in Ho Chi Minh City and is substituted for Charles Ray in his official capacity pursuant to F.R.C.P. 25 (d).

corporations, officers or employees. Fed. R. Civ. P. 4(i)(1)(B). On December 19, 2001, Plaintiff filed a renewed motion for default for failure to appear and plea. (Renewed Motion, filed 12/19/2001). In that motion, Plaintiff asserted the following: Plaintiff's complaint was filed on May 30, 2001; on May 30, 2001, summonses were issued for Defendants Ray, Tannenbaum and the Department of State; on May 30, 2001, Plaintiff faxed copies of the summons and complaint to Defendants Ray and Tannenbaum at Ho Chi Minh City; on June 4, 2001, Plaintiff served the Department of State and Ray and Tannenbaum, in their official capacities;[2] on June 15, 2001, Plaintiff requested a waiver of service from the U.S. Attorney General's Office pursuant to F.R.C.P. 4(d) and received no response; on June 18, 2001, Plaintiff received a waiver of service from the U.S. Attorney's Office in Rockford, Illinois; on June 28, 2001, Plaintiff requested a waiver of service from Defendants Ray and Tannenbaum by international registered mail and received no response; Plaintiff sent a copy of the complaint to the United States Attorney General on October 1, 2001, as indicated by a signed return receipt; on October 12, 2001, Defendants Ray and Tannenbaum received copies of the summons and complaint as evidenced by the return receipt Vietnam postmark. (Plaintiff's Memorandum at 4-6, filed 2/15/2002).

This court notes that at the time of its previous decision Plaintiff had, in fact, provided notice to the U.S. Attorney General's Office. In Plaintiff's submissions to this court, Plaintiff did not indicate that he had sent notice to the Attorney General in October. Further, through a review of the correspondence from the U.S. Attorney's Office in Rockford, Illinois, to Plaintiff, it is clear that Plaintiff also failed to inform the government's representative from that office that he had given

---

[2] Plaintiff obtained service by leaving two copies of the summons and complaint for each Defendant with Sonia Lattimore, Office Assistant and authorized agent of Robert J. McCannell, Director, United States Department of State, Legal Division.

2

notice to the Attorney General. (Defendants' Memorandum at 4-5, filed 2/6/2002). Plaintiff did not file the return of notice until December 17, 2001. This court's December 18, 2001 order, therefore, was based upon Plaintiff's non-compliance with Rule 4(i). Defendants, upon learning that Plaintiff had given notice to the U.S. Attorney General, filed a motion for enlargement of time to respond on December 19, 2001. Plaintiff filed his renewed motion for default also on December 19, 2001. Due to this court's schedule and several requests for continuances by Plaintiff, the parties were not able to appear before this court until January 23, 2002. At that time, Defendants Yamauchi and Tannenbaum, in their official capacities, and the Department of State's motion to dismiss was presented and set on a briefing schedule; Plaintiff's motion for default was also placed on a briefing schedule. (Minute Order, filed January 23, 2002).

Rule 55 of the Federal Rules of Civil Procedure provides that a party is in default when it has failed to plead or otherwise defend and that a party entitled to judgment by default shall apply to the court therefor. Fed. R. Civ. P. 55(a) and 55(b)(2). Rule 12(a)(3)(A) provides that "The United States, an agency of the United States, or an officer or employee of the United States sued in an official capacity, shall serve an answer to the complaint or cross-claim - or a reply to a counterclaim - within 60 days after the *United States attorney* is served with the pleading asserting the claim." Fed. R. Civ. P. 12(a)(3)(A) (emphasis added). Therefore, pursuant to the Federal Rules of Civil Procedure, it does appear that Defendants Yamauchi and Tannenbaum, in their official capacities, and the Department of State were in default. Defendants, through the U.S. Attorney's Office, waived service of summons, pursuant to Rule 4(d), on June 18, 2001. Defendants concede that their response to the Complaint was due on or about November 30, 2001. However, by the court's calculation, their response was due by August 17, 2001. (Defendants' Memorandum at 6, filed

3

2/6/2002). Although Rule 4(i) does require Plaintiff to give notice to the U.S. Attorney General, pursuant to Rule 12(a)(3)(A), Defendants' time to respond was not dependant upon notice to the Attorney General, but depended on the Plaintiff obtaining service on the U.S. Attorney. Therefore, while Plaintiff's first motion for default failed due to his apparent non-compliance with Rule 4(i), Defendants were in default after Plaintiff's October 1, 2001, notice to the U.S. Attorney General. Presumably, Plaintiff would have had to wait a reasonable amount of time after notice was given to move for default.

However, the fact that those Defendants may be in default does not mean that this court must enter judgment for Plaintiff; even when the defendant is in default, it is within the court's discretion whether to enter a default judgment. 10A. Wright, et al., Federal Practice and Procedure, §§ 2685 (3d ed. 1998). Through its review of the chronology of events and the submissions of the parties, this court has determined that no purpose would be served by granting Plaintiff's motion. Rule 55(c) provides that default judgments may be set aside for good cause shown. Fed. R. Civ. P. 55(c). It would be an inefficient use of the parties' and this court's time and resources to grant Plaintiff's motion for a default judgment knowing that such judgment would be promptly set aside pursuant to Rule 55(c).

In this case, Defendants have demonstrated good cause for failing to timely respond to Plaintiff's Complaint. While Plaintiff is not required to file his proof of notice, he did bear the burden of proving that he had obtained notice. While Plaintiff may not have intentionally caused Defendants to rely on his apparent failure to give notice to the Attorney General, the effect of Plaintiff's omissions is that Defendants were sandbagged by Plaintiff's failure to file his return of notice from the Attorney General. Further, this court notes that Plaintiff had not actually sent notice

to the Attorney General at the time of filing his first motion for default judgment. Defendants' reliance on the belief that Plaintiff had not complied with Rule 4, particularly given Plaintiff's failure at several opportunities to correct that belief, in addition to Defendants' reasonable, though mistaken belief that the 60 days response time did not begin running until Plaintiff had given notice to the Attorney General, constitutes good cause shown. Defendants assert that, to this day, the U.S. Attorney's Office in Rockford, Illinois, has not received notice from the Attorney General's Office regarding the receipt of a summons in this case. Defendants speculate that disruptions in mail from the Department of Justice and to the U.S. Attorney's Offices nationwide as a result of the anthrax-laced mail received in Washington, D.C. may account for the lack of communication. (Defendants' Memorandum at 4, filed 2/6/2002). Defendants did act to remedy the error as soon as it became clear that they were in default. Finally, it should be noted that Rule 55(e) provides "No judgment shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Fed. R. Civ. P. 55(e). Plaintiff has failed to do so. For the above reasons, this court denies Plaintiff's motion for default for failure to appear and plea as to Yamauchi and Tannenbaum, in their official capacities, and the Department of State.

As to Plaintiff's motion for default for failure to appear and plea with respect to Defendants Ray and Tannenbaum in their individual capacities, this court finds that Plaintiff has failed to properly serve Defendants with notice pursuant to Rule 4(i)(2)(B). That rule provides

> Service on an officer or employee of the United States sued in an individual capacity for acts and omissions occurring in connection with the performance of duties on behalf of the United States - whether or not the officer or employee is sued also in an individual capacity - is effected by serving the United States in a manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4(e), (f), or (g). Fed. R. Civ. P. 4(i)(2)(A).

As to both Defendants Ray and Tannenbaum, this court notes that the United States was not served

in a manner prescribed by Rule 4(i)(1) as required above. This court finds that a default judgment cannot be entered against Defendants in their individual capacities because it has been determined, above, that no default judgment will be entered as to Defendants in their official capacities. The provision in Rule 4(i)(2)(A) that requires compliance with Rule 4(i)(1) results in a circular argument in this case. This court has already determined that no default judgment will be entered as to Defendants in their official capacities; therefore, pursuant to Rule 4(1)(2)(A), a default judgment against Defendants in their individual capacities would be inappropriate. The same arguments as stated above apply to Defendants in their individual capacities.

Additionally, as to Defendant Tannenbaum, Plaintiff was required to comply with Rule 4(f) regarding service upon individuals in foreign countries. Plaintiff attempted to obtain service by mailing a copy of the summons and complaint, through international registered mail, to Ms. Tannenbaum at the U.S. Consulate in Ho Chi Minh City, Vietnam, on September 25, 2001. A review of Rule 4(f) indicates there are several ways in which Plaintiff could have attempted to serve Ms. Tannenbaum. Plaintiff's attempt appears to be pursuant to Rule 4(f)(2)(C)(ii), which provides for service through any form of mail requiring signed receipt. However, Plaintiff failed to indicate in his Motion or Memorandum which provision of 4(f) was applicable. Plaintiff's attempt at service fails because Rule 4(f) specifically requires that the mail be addressed and dispatched by the clerk of the court. Fed. R. Civ. P. 4(f)(2)(C)(ii). Further, Rule 4(f)(2) provides that the service must be reasonably calculated to give notice. Fed. R. Civ. P. 4(f)(2). This court finds that Plaintiff's mailing of a summons and complaint to the U.S. Consulate through registered mail does not comply with that requirement. Most importantly, this court notes that the return receipt filed by Plaintiff does not appear to have been signed by Defendant Tannenbaum. Therefore, Plaintiff has failed to demonstrate that he has obtained service on Defendant Tannenbaum, in her individual capacity, and

6

his motion for default for failure to appear and plea is accordingly denied.

With respect to Plaintiff's motion for default for failure to appear and plea as against Defendant Ray, Mr. Ray asserts that he was no longer in Vietnam as of July 2001, and that he therefore should have been served pursuant to Rule 4(e). Rule 4(e) provides for service upon individuals within a judicial district of the United States, pursuant to the law of the state in which the district court is located (Illinois) or in which service is effected (Washington, D.C.), through personal service upon the individual or by leaving copies of the summons and complaint at the individual's dwelling house with some person of suitable age and discretion residing therein. Fed. R. Civ. P. 4(e)(1) and (2). Plaintiff has indicated that he attempted to serve Defendant Ray by mailing a copy of the summons and complaint to him at the U.S. Consulate in Ho Chi Minh City, Vietnam, on September 25, 2001. Clearly this is insufficient under Rule 4(e). Therefore, Plaintiff's motion for default for failure to appear and plea is denied as to Defendant Ray in his individual capacity.

**CONCLUSION**

For the above stated reasons, Plaintiff's motion for default for failure to appear and plea is denied.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 3/11/02

7